# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF VIRGINIA
### Lynchburg Division

In re:

| | |
|---|---|
| Nicholas Gary Johnson | Case No. 17-60936-RBC |
| Lisa Christine Johnson | |
| Debtors. | Chapter 7 |

BMW Bank of North America,

    Plaintiff,

v.                                                               Adv. Pro. No. _____

Nicholas Gary Johnson,

    Defendant.

## **COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

NOW COMES BMW Bank of North America ("BMW" herein) by counsel, and moves this Court to determine that the obligation owed to BMW by Debtor Nicholas Gary Johnson ("Defendant" herein) is not dischargeable in bankruptcy. In support thereof, BMW respectfully represents as follows:

1. On May 8, 2017, Debtors filed for relief under Chapter 7 of the United States Bankruptcy Code.

2. W. Stephen Scott was appointed Interim Trustee, and continues to serve as Trustee.

Sara A. John, VSB #48425
M. Richard Epps, P.C.
605 Lynnhaven Parkway
Virginia Beach, VA 23452
757-498-9600
sara_john@eppspc.com
Counsel for Plaintiff

3. BMW files this complaint to have this Court determine that its debt is not dischargeable.

4. This Court has jurisdiction over these matters by virtue of 28 U.S.C. § 157(b).

5. This is a core proceeding.

## FACTS

6. On December 21, 2015, Defendant signed a Motor Vehicle Retail Installment Contract - Virginia (the "Contract" herein) to purchase a 2015 Lexus IS, VIN JTHBF1D21F5056550 (the "vehicle" herein) whereby BMW financed $43,513.10 for the Defendant's purchase of the vehicle and the Defendant would provide BMW with a lien on the vehicle. A copy of the Contract evidencing BMW's security interest is attached hereto and incorporated herein by reference as Exhibit A.

7. The Contract required the Defendant, and the Defendant agreed, to the following, among other things:

a) to grant BMW a security interest in the vehicle and all proceeds of the vehicle,

b) to fully cooperate with BMW to perfect BMW's security interest in the vehicle,

c) to not garage the vehicle at an address other than the address shown on the Contract without BMW's written consent and to notify BMW of changes in the Defendant's address, and

d) to not sell the vehicle without BMW's written consent.

8. The Contract states that the vehicle is for the Defendant's personal use.

9. Based upon the information contained in the Contract and the Defendant's agreement to perform certain duties contained in the Contract, BMW financed the Defendant's purchase and acquisition of the vehicle in the amount of $43,513.10.

10. In May 2016, the Defendant sold the vehicle. A copy of the DMV transcript showing that the vehicle was sold is attached hereto and incorporated herein by reference as Exhibit B. The Defendant also lists the sale of the vehicle in his Statement of Financial Affairs, number 18.

11. BMW did not give the Defendant written consent to sell the vehicle. The Defendant's sale of the vehicle was therefore a violation of the Contract.

12. Defendant did not remit to BMW the proceeds from the sale of the vehicle.

13. Defendant is delinquent in the payment on the debt due BMW.

14. The approximate balance due BMW is $41,887.49 plus costs of collection and interest accruing on a daily basis.

## COUNT I

15. The allegations contained in paragraphs 1-14 are incorporated by reference.

16. The Defendant's actions have deprived BMW of its collateral.

17. The Defendant's sale of the vehicle and his actions were intended to thwart BMW's efforts to enforce its right in the collateral.

18. The Defendant's actions caused a willful and malicious injury to BMW.

19. The Defendant's intentional actions, which were without justification and which caused the vehicle to be converted, were willful and malicious.

20. BMW did not have knowledge of, nor consent to, the Defendant's actions or to the vehicle being sold.

21. Therefore, the Defendant caused a willful and malicious injury to BMW.

22. Therefore, the debt due BMW is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).

## COUNT II

23. The allegations contained in paragraphs 1-14 are incorporated by reference.

24. Pursuant to Code of Virginia § 18.2-115:

Whenever any person is in possession of any personal property, including motor vehicles or farm products, in any capacity, the title or ownership of which he has agreed in writing shall be or remain in another, or on which he has given a lien, and such person so in possession shall fraudulently sell, pledge, pawn or remove such property from the premises where it has been agreed that it shall remain, and refuse to disclose the location thereof, or otherwise dispose of the property or fraudulently remove the same from the Commonwealth, without the written consent of the owner or lienor or the person in whom the title is, or, if such writing be a deed of trust, without the written consent of the trustee or beneficiary in such deed of trust, he shall be deemed guilty of the larceny thereof.

25. The Defendant's sale of the vehicle without the written consent of BMW is larceny under Code of Virginia § 18.2-115.

26. Therefore, the debt due BMW is non dischargeable pursuant to 11 U.S.C. § 523(a)(4).

WHEREFORE, BMW requests that this Court enter an order determining the debt due BMW is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6) and 11 U.S.C. § 523(a)(4); that this Court award BMW its attorney's fees and costs, and grant it such other and further relief as the Court deems appropriate.

BMW Bank of North America

 /s/ Sara A. John
Sara A. John
M. Richard Epps, P.C.

<u>Certificate of Service</u>

  I hereby certify that on August 15, 2017, I mailed or electronically served a true copy of this Complaint to: W. Stephen Scott, Trustee, P.O. Box 1312, Charlottesville, VA 22902; Nicholas Gary Johnson, 3652 Ivywood Lane, Charlottesville, VA 22903; Lisa Christine Johnson, 3652 Ivywood Lane, Charlottesville, VA 22903; and A. Jackson Boylan, Counsel to Debtors, 1160 Pepsi Place, Suite 341, Jordan Building, Charlottesville, VA 22901.

          <u>/s/ Sara A. John</u>
          Sara A. John
          M. Richard Epps, P.C.